# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUNIUS FORD, | Civil No. 3:14-cv-2153 |
| Petitioner | (Judge Mariani) |
| v. | |
| SUPERINTENDENT MICHAEL OVERMEYER, *et al.*, | |
| Respondents | |

## MEMORANDUM

On May 19, 2008, Petitioner Junius Ford ("Ford"), was found guilty of robbery in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). Also on May 19, 2008, Ford was sentenced to a twenty-five to fifty year term of imprisonment. (*Id.*). On November 3, 2014, Ford filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. (*Id.*). For the reasons set forth below, the petition will be denied as untimely.

I. **Background**

On January 24, 2008, a criminal information was filed in the Court of Common Pleas of Dauphin County charging Ford with robbery, terroristic threats, simple assault, and public drunkenness. (Doc. 16-2, Ex. A, Dauphin County Court of Common Pleas Docket, CP-22-CR-0005172-2007). On May 19, 2008, following a bench trial, Ford was found guilty of robbery. *Id.* The Commonwealth withdrew the remaining charges. *Id.* The court was

made aware of the applicable three-strike statute and Ford was sentenced to twenty-five to fifty years imprisonment. *Id.*

No direct appeal was filed, but Ford timely sought PCRA[1] relief in the nature of reinstatement of his direct appeal rights *nunc pro tunc*. (Doc. 16-4, *Commonwealth v. Ford*, 1289 MDA 2008; Doc. 16-5). The PCRA court reinstated Ford's direct appeal rights. (*Id.*). On July 22, 2008, Ford filed a direct appeal. *Id.* On October 5, 2009, the Pennsylvania Superior Court affirmed the conviction. *Commonwealth v. Ford*, 987 A.2d 813 (Table) (Pa. Super. 2009). Ford did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, therefore his judgment of sentence became final thirty days later on November 4, 2009.

On February 12, 2010, Ford filed a petition for post-conviction collateral relief pursuant to the PCRA. (Docs. 1, 16-6; *see* https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0005172-2007). Following an evidentiary hearing, the Court of Common Pleas dismissed the PCRA petition on May 10, 2010. (Doc. 16-8). On June 10, 2010, Ford filed an appeal to the Pennsylvania Superior Court. (https://ujsportal.pacourts.us, electronic docket number 965 MDA 2010). On December 14, 2010, the Superior Court quashed Ford's PCRA petition. (Doc. 16-10; *Commonwealth v. Ford*, 23 A.3d 579 (Table) (Pa. Super. 2010)). The Superior Court found that Ford's notice of appeal was filed after the

---

[1] Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

thirty-day deadline and was therefore untimely. (*Id.*).

Ford then filed a *pro se* petition for allowance of appeal to the Pennsylvania Supreme Court asserting that PCRA counsel was ineffective for failing to file a timely appeal. (Doc. 16-11; https://ujsportal.pacourts.us, electronic docket number 81 MAL 2011). On March 15, 2011, the Supreme Court granted the petition for allowance of appeal and remanded to the PCRA court "for a determination of representation." (Doc. 16-13, p. 5; 81 MAL 2011).

The PCRA court appointed counsel for Ford, who timely filed a *nunc pro tunc* PCRA appeal. (Doc. 16-13). On May 8, 2012, the Superior Court affirmed the order denying Ford's PCRA petition. (Doc. 16-13; *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012)). Ford then filed a petition for allowance of appeal to the Pennsylvania Supreme Court. (https://ujsportal.pacourts.us, electronic docket number 397 MAL 2012). On October 5, 2012, the Supreme Court denied the petition for allowance of appeal. (Doc. 16-2, Ex. L).

The instant federal habeas petition was filed on November 3, 2014. (Doc. 1).

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set

forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Ford was sentenced on May 19, 2008. Ford's time for pursuing a direct appeal expired on November 4, 2009, at which time his judgment became final. See Nara, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on

November 3, 2014, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on November 4, 2009, and expired on November 4, 2010. On February 12, 2010, after approximately 100 days of the one-year statute had elapsed, Ford successfully tolled the statute of limitations when he filed a timely first PCRA petition. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa. Super. 2003) (when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes). The statute remained tolled until October 5, 2012, when the Pennsylvania Supreme Court denied Ford's petition for allowance of appeal of his PCRA petition. The statute then began running again. The 265 days remaining in which to file his federal habeas petition expired on June 27, 2013. His federal petition was filed on November 3, 2014, well after the expiration of the limitations period. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### B.     Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, the petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong

forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Ford presents absolutely no evidence to account for the delay in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief in either state court or federal court, and he has never asserted his rights in the wrong forum. Notably, in the habeas petition section regarding timeliness, Ford simply notes "non-applicable", with no further elaboration. (Doc. 1, p. 17). Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present matter, jurists of reason would not find the disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

## IV.    Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely. An appropriate Order will issue.

Dated: September 28, 2016

Robert D. Mariani
United States District Judge